**Jiang Xue LIN, Petitioner,**

v.

**John ASHCROFT, Respondent.**

**Docket No. 04–1193.**

United States Court of Appeals, Second Circuit.

Sept. 16, 2005.

Jiang Xue Lin, Jackson Heights, NY, for Appellant, pro se.

Henry J. Fredericks, Assistant United States Attorney (James G. Martin, United States Attorney for the Eastern District of Missouri), St. Louis, MI, for Appellee, of counsel.

Present: MESKILL, SACK, and B.D. PARKER, Circuit Judges.

### *SUMMARY ORDER*

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED AND DECREED that the petition for review is DENIED.

Jiang Xue Lin, *pro se*, petitions for review of an order of the BIA, affirming an order of an immigration judge ("IJ"), which denied petitioner's application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief, and ordered him removed to China.

We review factual findings in a BIA or IJ decision under the "substantial evi-

dence" standard. "[A] finding will stand if it is supported by 'reasonable, substantial, and probative' evidence in the record when considered as a whole." *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (quoting *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000)).

"To qualify for asylum under the Immigration and Nationality Act ..., a refugee must demonstrate past persecution or a well founded fear of future persecution on account of 'race, religion, nationality, membership in a particular social group, or political opinion.'" *Zhang v. INS,* 386 F.3d 66, 70 (2d Cir.2004) (quoting 8 U.S.C. § 1101(a)(42)). There was substantial evidence to support the BIA's finding that Lin had failed to make such a showing. As the BIA correctly observed, Lin's testimony at most established that he had been the victim of extortion by government officials. Lin neither asserted nor presented evidence that would establish that the officials extorted him *because of* his religion. Moreover, although upon Lin's refusal to comply with the officials' demands, the officials accused Lin of "doing something superstitious," there was substantial support in the record for the BIA to conclude that these threats were merely a pretext to induce Lin to pay a bribe. Accordingly, the BIA permissibly determined that Lin had failed to demonstrate eligibility for asylum.

For a claim for withholding of removal, an applicant must meet a higher burden of proof and show a "clear probability" of threat to life or freedom on account of one of the protected refugee grounds. *See Secaida–Rosales,* 331 F.3d at 306. Because Lin has failed to establish his eligibility for asylum, he accordingly cannot show any entitlement to withholding of removal. *See Tian–Yong Chen v. INS,* 359 F.3d 121, 127 (2d Cir.2004). And Lin's

CAT claim fails because he has not established that "it is more likely than not that [he will] be tortured if removed to [China]." *Mu–Xing Wang v. Ashcroft,* 320 F.3d 130, 133 (2d Cir.2003).

To the extent that Lin now argues, for the first time, that he was persecuted based on his membership in a social group, we decline to consider the claim because he did not raise it in his removal proceeding or in his appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1) (petitioners must have exhausted all administrative remedies).

For the reasons set forth, Lin's petition for review is hereby DENIED.